## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CARLA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  3:16-CV-1254 |
| | ) | |
| COLUMBIA COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT #4 | ) | |
| Serve District Superintendent: Dr. Gina Segobiano | ) | |
| On behalf of Columbia Community School | ) | |
| District #4 | ) | |
| 5 Veterans Parkway | ) | |
| Columbia, IL 62236 | ) | |
| | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| JOHN & JANE DOE SCHOOL DISTRICT | ) | |
| EMPLOYEES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Carla Edwards, by and through the undersigned attorneys, and

for her cause of action against Defendants states and alleges as follows:

### THE PARTIES

1.      Plaintiff, Carla Edwards, (hereinafter individually referred to as "Plaintiff") is,

and was at all times relevant hereto, a citizen of Columbia, County of Monroe, and State of

Illinois.

2.      The Defendant Columbia Community Unit School District #4 is a school district

duly formed and existing under the laws of this state and within the Southern District of Illinois.

3.      On information and belief, Defendants John & Jane Doe School district employees 1-10 are citizens of the state of Illinois and government employees, and therefore can be, and are sued for actions undertaken in their official governmental capacity.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the Plaintiff's federal claims pursuant to 28 USC §1331, and over her State law claims pursuant to 28 USC §1367(a).

5.      The Southern District of Illinois is the appropriate venue under 28 USC §1391(b) (2) because a significant portion of the events and admissions giving rise to the claims herein occurred in this district.

## FACTS

6.      In the summer and fall of 2015, Joseph Edwards, City of Columbia Police Chief harassed and threatened plaintiff on various occasions and complaints to the City of Columbia concerning such activity were made by the plaintiff.  Subsequent thereto and contemporaneously thereto, in or around September of 2015,  said Chief of Police, while acting in his capacity as such for the City of Columbia, unlawfully accessed a cell-phone owned by, registered to, and whose bill was paid for by Plaintiff (hereinafter, "PLAINTIFF'S CELL-PHONE") seeking to obtain private communications stored therein.

7.      At no time was Plaintiff under official investigation by the Police or public authorities upon any grounds whatsoever, nor detained pursuant to a valid custodial arrest and at no time did the Chief of Police of the City of Columbia, Illinois have express or constructive authorization on the part of Plaintiff to access this information stored on PLAINTIFF'S CELL-PHONE.

8.     Upon information and belief, at some point in or around October of 2015, the Chief of Police of the City of Columbia, Illinois compiled this information obtained without authorization on a thumb-drive, and while in uniform, provided it to various other defendant Jane and John Doe School district employees in various positions of authority.  In addition, various Jane and John Does claimed and have stated that they actually accessed the cell phone directly and took possession of said cell phone.  Any such possession and access to plaintiff's cell phone was done without the permission of plaintiff and taken without any permission from the plaintiff.

9.     These Defendant Jane and John Doe school district employees then utilized this improperly obtained information to contact various local and state public agencies including but not limited to the Illinois Department of Children and Family Services (DCFS) in order to embarrass and institute investigations into plaintiff and plaintiff's private matters and family and in an attempt to adversely affect her employment status.  In addition, said defendant Jane and John Does utilized said illegally obtained information to threaten and harass the plaintiff and threaten plaintiff's job status.  Plaintiff was subjected to questioning and a disciplinary meetings with various John and Jane Does within the School District and was threatened that her employment status was in jeopardy and plaintiff would be required to execute a document wherein plaintiff admitted various acts which plaintiff denied.  In addition, said John and Jane Does continued to threaten plaintiff with discipline and reprimands.   The accessing of the private phone information and subsequent actions by certain Jane and John Does was done with personal and ulterior motives and upon information and belief in conjunction with and conspiring with Chief Edwards to adversely affect the plaintiff's employment status, her reputation and her relationship with her family.  That certain Jane Doe and John Doe employees had close relationships with Chief Joe

Edwards leading to the attempt to disparage the reputation of plaintiff and affect her employment and family life.

10.     Plaintiff's multiple attempts to discover how these various Jane Doe and John Doe defendant school district employees obtained access to the private communications stored on PLAINTIFF'S CELL-PHONE or who accessed the private communications to date and who took possession of the phone, have not fully been divulged to Plaintiff herein.

11.     Various Defendant Jane Doe and John Doe school district employees "transcribed" and disseminated certain electronic communications taken from PLAINTIFF'S CELL-PHONE in violation of plaintiff's statutory, constitutional and privacy rights.

12.     As a result of this transcription, dissemination and publication of the illegally obtained phone records, the defendants claimed that numerous employees of Defendant Columbia Community Unit School District #4 who defendants allowed to view said illegally obtained private communications of plaintiff felt threatened by their contents and said publication was designed by certain Jane and John Does to ruin and disparage the reputation of Plaintiff herein.

13.     Various aspects of this conduct undertaken under the color of state authority were implicated in subsequent investigations conducted by various State, County and City investigators, including but not limited to criminal investigations and the still pending possibility of criminal indictments.

## CLAIMS FOR RELIEF

## FEDERAL LAW

### COUNT I—ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION—DEFENDANTS JANE & JOHN DOE SCHOOL DISTRICT EMPLOYEES 1-10 IN THEIR INDIVIDUAL CAPACITIES

4

14.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 13 inclusive, as if fully set forth herein.

15.     Defendants Jane and John Doe school district employees 1-10 as employees of the Defendant Columbia Community Unit School District #4 at all relevant times had a legal obligation not to violate the constitutional rights of students while acting in their official capacities.

16.     Defendants Jane and John Doe school district employees 1-10 accessed the phone and the contents of PLAINTIFF'S CELL-PHONE without authorization, express or implied.

17.     At the time of its inception, the action of accessing the cell-phone in question was not justified, because Defendants Jane and John Doe school district employees 1-10 had no basis for sufficient probable cause to conduct said search.

18.     At the time of access, the search in question was not reasonably related in scope to the circumstances which ostensibly justified the interference in the first place, because it was excessively intrusive in light of the circumstances.

19.     Plaintiff has a reasonable expectation of privacy in the context of the private text messages on PLAINTIFF'S CELL-PHONE.

20.     As a result of having no lawful basis to access PLAINTIFF'S CELL-PHONE, and because Plaintiff had a reasonable expectation of privacy in the communications in question, Defendants Jane and John Doe school district employees 1-10 violated Plaintiff's federal Fourth Amendment right to be free from illegal searches and seizures.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a) In favor of plaintiff for compensatory damages against all Defendants Jane and John Doe school district employees 1-10;

(b) In favor of plaintiff for punitive damages against Defendants Jane and John Doe school district employees 1-10;

(c) In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(d) For any other relief this court deems just and proper.

## COUNT II—ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION— DEFENDANT COLUMBIA COMMUNITY UNIT SCHOOL DISTRICT #4

21.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 20 inclusive, as if fully set forth herein.

22.     Defendants Jane and John Doe School District employees 1-10, at all relevant times, had a legal obligation not to violate the constitutional rights of students while acting in their official capacity.

23.     Defendants Jane and John Doe School District employees 1-10 accessed the contents of PLAINTIFF'S CELL-PHONE without sufficient probable cause to legitimate the search in question, and in an excessively intrusive manner that far exceeded the reasonable scope of inquiry under the circumstances.

24.     Defendants Jane and John Doe School District employees 1-10 access of the information in question was entirely unauthorized by Plaintiff, and Plaintiff had a reasonable expectation of privacy in these communications.

25.     School district employees searching the possessions of students constitutes action taken under color of official authority for the purpose of entity liability.

26.     Various school district employees in positions of final policy-making authority either instigated the improper accessing and downloading of plaintiff's private stored electronic

communications for purposes of establishing a "custom, practice, or policy" under 42 USC §1983, or ratified these actions subsequently.

27.     Defendants Jane and John Doe School District employees 1-10 actions violating Plaintiff's Fourth Amendment rights under the U.S. Constitution undertaken while in positions of final policy making authority, or, alternatively, their subsequent ratification of said actions, gives rise to Municipal liability under 42 USC §1983.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a) In favor of plaintiff for compensatory damages against Defendant Columbia Community Unit School District #4;

(b) In favor of plaintiff for punitive damages against Defendant Columbia Community Unit School District #4;

(c) In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(d) For any other relief this court deems just and proper.

COUNT III—VIOLATION OF THE STORED COMMUNICATIONS ACT
18 U.S.C. § 2701 AND 42 U.S.C § 1983—DEFENDANTS JANE AND JOHN DOE SCHOOL
DISTRICT EMPLOYEES 1-10 OF THE COLUMBIA COMMUNITY UNIT SCHOOL
DISTRICT #4 IN THEIR INDIVIDUAL CAPACITIES

28.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 27 inclusive, as if fully set forth herein.

29.     Defendants Jane and John Doe school district employee's 1-10 claim to have intentionally accessed PLAINTIFF'S CELL-PHONE, including but not limited to e-mails and text messages in the course of their employment and their regular duties therein, bringing their actions under the color of official authority.

30.     Various forms of data stored on a cell-phone, including but not limited text messages and e-mails, are electronic communications under the Stored Communications Acts.

31.     E-mails and text messages are electronic communications that are transmitted via an electronic communication service for purposes of the Stored Communications Act.

32.     E-mails and text messages are communications in Electronic Storage for purposes of the Stored Communications Act.

33.     The accessed communications in question were not accessible to the general public.

34.     Defendants Jane and John Doe School district employees 1-10's intentional access was not authorized either explicitly or constructively by any party in a position to grant such authorization.

35.     Defendants Jane and John Doe School district employees 1-10's intentional access of these stored electronic communications under the color of official authority gives rise to individual liability under 42 U.S.C. § 1983.

36.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a)  In favor of plaintiff for compensatory damages against Defendants Jane and John Doe School district employees 1-10;

(b)  In favor of plaintiff for punitive damages against Defendants Jane and John Doe School district employees 1-10;

(c)  In favor of plaintiff for statutory damages against Defendants Jane and John Doe School district employees 1-10;

(d)   In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and
expenses pursuant to 42 USC §1988; and

(e)   For any other relief this court deems just and proper.

### COUNT IV—ENTITY LIABILITY UNDER 42 U.S.C. §1983 FOR VIOLATION OF THE STORED COMMUNICATIONS ACT 18 U.S.C. § 2701 —DEFENDANT COLUMBIA COMMUNITY UNIT SCHOOL DISTRICT #4

37.   Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 36 inclusive, as if fully set forth herein.

38.   Various school district employees in positions of final policy-making authority either instigated the improper accessing and downloaded of plaintiff's private stored electronic communications, or ratified these actions subsequently in cooperation with Police Chief Edwards.

39.   The actions of these various school district employees in violating Plaintiff's rights under the Stored Communications Act while in a position of final policy making authority, or alternatively, their subsequent ratification of them, gives rise to Municipal liability under 42 USC §1983.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a)   In favor of plaintiff for compensatory damages against Defendant Columbia
Community Unit School District #4, Illinois;

(b)   In favor of plaintiff for punitive damages against Defendant Columbia
Community Unit School District #4, Illinois;

(c)   In favor of plaintiff for statutory damages against Defendant Columbia
Community Unit School District #4, Illinois;

(d)   In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and
expenses pursuant to 42 USC §1988; and

(e) For any other relief this court deems just and proper.

## STATE LAW

### COUNT V—VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE 720 ILCS 5/14-6—DEFENDANTS JANE & JOHN DOE SCHOOL DISTRICT EMPLOYEES 1-10

40.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 39 inclusive, as if fully set forth herein.

41.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe School district employees 1-10 surreptitiously transcribed various private electronic communications stored on PLAINTIFF'S CELL-PHONE in cooperation with Police Chief Edwards.

42.     Plaintiff, in all instances, whether as the sending or receiving party of these various communications, intended all of these communications on her phone to be private.

43.     Plaintiff had a reasonable expectation of privacy in these communications.

44.     Defendants Jane and John Doe School district employees 1-10 were at all times and with regard to all such communications a non-party to them.

45.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendants Jane and John Doe School district employees 1-10 for actual and punitive damages as permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

### COUNT VI—VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE 720 ILCS 5/14-6—DEFENDANT COLUMBIA COMMUNITY UNIT SCHOOL DISTRICT #4

46.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 45 inclusive, as if fully set forth herein.

47.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe School district employees 1-10 surreptitiously transcribed and used various private electronic communications stored on PLAINTIFF'S CELL-PHONE in cooperation with Police Chief Edwards for various purposes, including but not limited to filing a baseless complaint against her with the Illinois Department of Children and Family Services, threatening her employment status, publicizing and disseminating the contents thereof, and to improperly reprimand her at work.

48.     Plaintiff, in all instances, whether as the sending or receiving party of these various communications, intended all of these communications to be private.

49.     Plaintiff had a reasonable expectation of privacy in these communications.

50.     Defendants Jane and John Doe School district employees 1-10 were at all times and with regard to all such communications non-parties to them.

51.     Each instance of surreptitious interception, transcription, and/or recording was a willful and wanton act as that term is defined in Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

52.     Each instance of surreptitious interception, transcription, and/or recording was neither a determination of policy or an exercise of discretion as those terms are defined in Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

53.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendant Columbia Community Unit School District #4, Illinois for actual and punitive damages as may be permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

COUNT VII—INTRUSTION UPON SECLUSION—DEFENDANTS JANE & JOHN DOE
SCHOOL DISTRICT EMPLOYEES 1-10

54.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this
complaint, 1 through 53 inclusive, as if fully set forth herein.

55.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe School
district employees accessed, transcribed, and publicly disseminated the contents of various private
communications unlawfully obtained from PLAINTIFF'S CELL-PHONE in cooperation with
Police Chief Joe Edwards.

56.     This intrusion into the private communications of plaintiff was entirely
unauthorized.

57.     The intrusion into plaintiff's private communications at issue here would be
offensive and/or objectionable to a reasonable person.

58.     This intrusion concerned entirely private matters.

59.     As a result of this intrusion, Plaintiff sustained various forms of financial and
emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment
against Defendants Jane and John Doe School district employees 1-10 for actual and punitive
damages as permitted by statute, attorneys' fees and expenses, together with her court costs and
any and all such further relief the court deems just and proper.

COUNT VIII—INTRUSION UPON SECLUSION—DEFENDANT COLUMBIA
COMMUNITY UNIT SCHOOL DISTRICT #4

60.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this
complaint, 1 through 59 inclusive, as if fully set forth herein.

61.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe School district employees accessed, transcribed, and utilized in various fashions the contents of various private communications unlawfully obtained from PLAINTIFF'S CELL-PHONE in cooperation with Police Chief Joe Edwards.

62.     This intrusion into the private communications of plaintiff was entirely unauthorized.

63.     The intrusion into plaintiff's private communications at issue here would be offensive and/or objectionable to a reasonable person.

64.     This intrusion concerned entirely private matters.

65.     An "Injury" under the Illinois Local Governmental and Governmental Employees Tort Immunity Act includes anything "[a]lleged in a civil action, (including counts) based on…the statutes or common law of Illinois…. 745 ILCS 10/1-204, such as intrusion upon seclusion.

66.     No exemptions to either municipal or employee liability under the Tort Immunity Act apply.

67.     As a result of this intrusion, Plaintiff sustained various forms of financial and emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendant Columbia Community Unit School District #4, Illinois for actual and punitive damages as may be permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

COUNT IX—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—DEFENDANTS JANE & JOHN DOE SCHOOL DISTRICT EMPLOYEES 1-10

68.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 67 inclusive, as if fully set forth herein.

69.     Various school district employees engaged in extreme and outrageous conduct directed towards plaintiff, including but not limited to: threatening her employment status, consciously filing a false report with a state agency making baseless allegations impugning her fitness as a parent; publicizing illegally obtained private communications throughout plaintiff's work environment and her daughter's school environment without context and then taking the official stance that these communications which were taken out of context were nonetheless threatening to various others with whom plaintiff works and otherwise must interact with regularly in the confines of a small community; and engaging in a conspiracy to obscure the true source and animus behind the actions detailed in this complaint to cause distress to plaintiff.

70.     These defendants knew or should have known their actions to be lacking a good faith basis in fact, but committed them anyway, in conspiracy with and cooperation with Chief of Police Edwards, giving rise minimally to a high probability that their conduct would inflict severe emotional distress, if they did not also actively intend to inflict such severe emotional distress.

71.     As a result of these various forms of conduct on the part of various school district employees, plaintiff did in fact suffer severe emotional distress, in both her personal and family lives.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendants Jane and John Doe School district employees 1-10 for actual and punitive damages as permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

### COUNT X—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS— DEFENDANT COLUMBIA COMMUNITY UNIT SCHOOL DISTRICT #4

72.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 71 inclusive, as if fully set forth herein.

73.     In or about late 2015 and/or early 2016,  Defendants Jane and John Doe School district employees perpetrated or conspired to perpetrate various actions whose intent was to inflict severe emotional distress upon plaintiff, including but not limited to: threatening her employment status, consciously filing a false report with a state agency making baseless allegations impugning her fitness as a parent; publicizing illegally obtained private communications throughout plaintiff's work environment and her daughter's school environment without context and then taking the official stance that these communications which were taken out of context were nonetheless threatening to various others with whom plaintiff works, and otherwise must interact with regularly in the confines of a small community; and engaging in a conspiracy to obscure the true source and animus and reasons behind the actions detailed in this complaint to cause distress to plaintiff.

74.     An "Injury" under the Illinois Local Governmental and Governmental Employees Tort Immunity Act includes anything "[a]lleged in a civil action, (including counts) based on…the statutes or common law of Illinois…. 745 ILCS 10/1-204, such as the intentional infliction of emotional distress.

75.     No exemptions to either municipal or employee liability under the Tort Immunity Act apply.

76.     As a result of this intrusion, Plaintiff sustained various forms of financial and emotional damages and loss of reputation.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendant Columbia Community Unit School District #4, Illinois for actual and punitive damages as may be permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

15

**BROWN & JAMES, P.C.**

/s/ Russell F. Watters
Russell F. Watters, Mo. #25758MO, #2951274IL
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400 – Phone
314-421-3128 – Fax
rwatters@bjpc.com
*Attorneys for Plaintiff Carla Edwards*

#13256485